# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MACHADO, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01061-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Aaron Lamont Stribling ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 2, 2018, in the United States District Court for the Central District of California. (ECF No. 1.) The action was transferred to the Eastern District on August 8, 2018. (ECF No. 4.) Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (ECF No. 2.)

**I.　Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

1

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff alleges that a "whole multitude" of violations occurred, but primarily alleges violations of his Eighth Amendment rights, specifically failure to protect, deliberate indifference, and cruel and unusual punishment. (ECF No. 1, p. 4.)

Plaintiff alleges that beginning on June 21, 2018, he began to vocalize that he feared for his life, because all correctional officers and correctional staff had successfully cut off his lines of communication with his family, by restricting visits, calls, and mail. Plaintiff alleges that he went to the crisis treatment center on June 21, 2018 and spoke with Psychologist Machado and Psychiatrist Wong, but feels that they denied him mental health services by leaving him feeling suicidal because he was still being controlled by the people he feared. Plaintiff goes on to state that on July 10, 2018, he was assaulted by other inmates while Officer Wright stood and watched but took no action. Plaintiff alleges that this assault was a plot by correctional officers to have Plaintiff attacked.

Documents attached to Plaintiff's complaint indicate that as of June 21, 2018, Plaintiff was a participant in the Mental Health Services Delivery System at the EOP level of care, (ECF No. 1, p. 8), and that on July 11, 2018, Plaintiff was participating at the CCCMS level of care, (ECF No. 1, p. 11). Further, following the inmate assault on July 10, 2018, Plaintiff was housed in Administrative Segregation due to "Enemy Concerns." (ECF No. 1, p. 11.) Plaintiff appears

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Stribling v. Defazio, Case No. 2:12-cv-02729-JAM-EFB (E.D. Cal.) (dismissed on September 5, 2013 for failure to state a claim); (2) Stribling v. Tobias, Case No. 2:16-cv-00399-MCE-EFB (E.D. Cal.) (dismissed on September 2, 2016 for failure to state a claim); and (3) Stribling v. Chooljian, Case No. 2:18-cv-00266-CAS-FFM (C.D. Cal.) (dismissed on January 11, 2018 as frivolous, malicious, or fails to state a claim upon which relief may be granted).
The Court also takes judicial notice of the following United States Court of Appeals case: Stribling v. Chooljian, Case No. 18-55186 (9th Cir.) (dismissed on July 11, 2018 as frivolous).

[2] It appears that at the time of filing, the complaint was erroneously split between ECF No. 1 (Civil Rights Complaint) and ECF No. 2 (Application to Proceed Without Prepayment of Filing Fees). The Court has considered the entirety of both documents in reaching these findings and recommendations. The Court expresses no opinion on the merits of Plaintiff's claims.

to argue in his complaint that his depression will continue unless he is hospitalized and placed at a "real mental institute" that will keep him safe from correctional staff. (ECF No. 2, p. 14.)

While the Court takes Plaintiff's well-pleaded factual allegations as true, the Court is not required to accept Plaintiff's conclusory statement that the only treatment that would prevent his suicide or continuing depression is his transfer to a mental institution that will keep him separate from prison staff. Plaintiff has alleged that he was seen by mental health professionals during the time period at issue and that he is participating in mental health services at various levels of treatment. Further, it appears that Plaintiff remains in administrative segregation for his own protection. On that basis, the Court finds that Plaintiff's vague and conclusory allegations of possible future harm, or his generalized fears of all correctional staff, are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). Therefore, Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g). Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

## II. Conclusion and Recommendations

Based on the foregoing, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 9, 2018__            /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE