UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>Plaintiff,<br><br>v.<br><br>MACHADO, et al.,<br><br>Defendants. | No. 1:18-cv-01061-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MISCELLANEOUS MOTION<br><br>(Doc. No. 14) |

Plaintiff Aaron Lamont Stribling is a state prisoner proceeding *pro se* in this civil rights action. On August 10, 2018, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied and that plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. (Doc. No. 8.) On October 19, 2018, in accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), the undersigned conducted a *de novo* review of the case, found that the magistrate judge's recommendations were supported by the record and proper analysis, and issued an order adopting the findings and recommendations in full. (Doc. No. 13.)

On November 5, 2018, plaintiff moved for reconsideration of the October 19, 2018 order adopting the magistrate judge's findings and recommendations. (Doc. No. 14.) In the alternative,
/////

1

plaintiff asks the court to order the prison where he is currently incarcerated to forward $400.00 from his books to pay the filing fee for this action. (*Id.* at 1.)

## LEGAL STANDARD

The court construes plaintiff's motion for reconsideration as being brought pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief from the operation of judgment." Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

## ANALYSIS

Plaintiff is seeking reconsideration of the court's conclusion that plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g). (*See* Doc. No. 14.) In denying plaintiff's application to proceed *in forma pauperis*, the court determined that he had suffered a total of four prior strikes after taking judicial notice of three district court cases and one Ninth Circuit appeal

initiated by plaintiff. (*See* Doc. No. 8 at 2 n.1.) In each of the district court actions, plaintiff's case was dismissed on the ground that it was either frivolous or failed to state a claim. (*Id.*) Plaintiff's appeal to the Ninth Circuit which was counted was dismissed as frivolous. (*Id.*)

Plaintiff contends that the undersigned incorrectly concluded that he is subject to the three strikes bar under 28 U.S.C. § 1915(g). (Doc. No. 14 at 1.) In support of his position, plaintiff relies on a July 11, 2018 order from the Ninth Circuit in *Stribling v. Chooljian*, 2:18-cv-00266-CAS-FFM ("*Chooljian*"), as well as October 11, 2018 findings and recommendations issued by the magistrate judge in *Stribling v. J. Lewis*, No. 2:18-cv-00951-KJM-EFB (E.D. Cal.) ("*Lewis*"). (*See* Doc. No. 14 at 2–5.) Presumably, these orders are attached to the pending motion to demonstrate that plaintiff is not subject to the three strikes bar. Plaintiff's reliance on these prior orders, however, is unavailing.

First, the Ninth Circuit's order in *Chooljian* was an order that the court previously counted as a strike against plaintiff in its October 19, 2018 order. (*Compare* Doc. No. 14 at 2, *with* Doc. No. 8 at 2 n.1.) The order in *Chooljian* clearly stated, and plaintiff does not meaningfully dispute, that the Ninth Circuit "conclude[d] [that] th[e] appeal [wa]s frivolous." (Doc. No. 14 at 2.) The court therefore properly concluded that this dismissal counted as a strike under 28 U.S.C. § 1915(g).

Second, the findings and recommendations in *Lewis* also do not require the court to reconsider the conclusion reached in its October 19, 2018 order. In the *Lewis* findings and recommendations, which were adopted in full by the assigned district judge, Magistrate Judge Edmund Brennan found that one of the cases that he previously relied on when recommending denial of plaintiff's application to proceed *in forma pauperis*—*Stribling v. Defazio*, No. 2:12-cv-2729-JAM-EFB (E.D. Cal.) ("*Defazio*")—was a "close call" and "should not qualify as a strike for purposes of § 1915(g)." (Doc. No. 14 at 4.) Magistrate Judge Brennan therefore recommended vacating the previous order in which plaintiff's application to proceed *in forma pauperis* had been denied. (*Id.*)

Here, in its October 19, 2018 order, the court counted the dismissal of *Defazio* as one of four strikes barring plaintiff from proceeding *in forma pauperis*. (*See* Doc. No. 8 at 2 n.1.)

3

However, even if this court were to adopt Magistrate Judge Brennan's conclusion that *Defazio* should not count as a strike, plaintiff is still subject to the three strikes bar under 28 U.S.C. § 1915(g) because three out of the four strikes the court previously relied on properly constitute strikes. As discussed above, the Ninth Circuit's order dismissing plaintiff's appeal in *Chooljian* as frivolous counts as a strike. Moreover, plaintiff has two additional strikes: *Stribling v. Tobias*, No. 2:16-cv-00399-MCE-EFB (E.D. Cal.) (dismissed on September 2, 2016 for failure to state a claim); and *Stribling v. Chooljian*, No. 2:18-cv-00266-CAS-FFM (C.D. Cal.) (dismissed on January 17, 2018 as frivolous, malicious, or for failure to state a claim upon which relief may be granted). Thus, regardless of whether the *Defazio* dismissal constitutes a strike, plaintiff has three additional strikes which bar him from proceeding *in forma pauperis* in this action.

Plaintiff therefore fails to meet the requirements for granting a motion for reconsideration. Indeed, plaintiff's filing does nothing to alter the assigned magistrate judge's previous finding, adopted by the undersigned, that plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g). Accordingly, plaintiff's motion for reconsideration (Doc. No. 14) will be denied.

Next, plaintiff asks the court to "instruct the prison to forward $400 off [his] books to pay for the filing fee." (Doc. No. 14 at 1.) This request poses several problems. First, plaintiff has not established that he has $400.00 on his books. In his initial application to proceed *in forma pauperis*, plaintiff indicated that he had $0.00 in his prison trust account. (*See* Doc. No. 2 at 1–3.) Second, plaintiff does not argue that he has attempted to pay the filing fee or that he has faced obstruction by prison officials when attempting to pay the filing fee. Third, no defendant has been ordered served in this action, and no defendant has yet made an appearance in this action. The court therefore lacks personal jurisdiction over any prison staff at the institution where plaintiff is housed and cannot issue an order requiring them to take any action. *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") Fourth, even if the named defendants were served and appeared, plaintiff's request asks the court to order the *prison* to forward $400.00 from his books to pay the filing fee in this action, but the prison is not a

defendant in this action. The court therefore lacks the authority to order the prison to take any action. Fifth, the pendency of this action does not give the court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969. For all of these reasons, the court will deny plaintiff's motion seeking a court order requiring prison officials to forward $400.00 from his books to pay the filing fee.

In light of plaintiff's *pro se* status, and in order to allow time for plaintiff to receive and comply with this order, the court will extend the deadline for his payment of the filing fee required to proceed with this action.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for reconsideration (Doc. No. 14) is denied;
2. Plaintiff's motion seeking an order requiring the prison to forward $400.00 from his books to pay the filing fee (Doc. No. 14) is denied;
3. Within twenty-one (21) days following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed; and
4. The matter is referred back to the assigned magistrate for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 19, 2019**

UNITED STATES DISTRICT JUDGE