# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MACHADO, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:18-cv-01061-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CASE WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Aaron Lamont Stribling ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 2, 2018. (ECF No. 1.) On the same day, Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 2.) On August 10, 2018, the Court issued findings and recommendations recommending that Plaintiff's application to proceed *in forma pauperis* be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action. (ECF No. 8.) Plaintiff timely filed objections on August 27, 2018. (ECF No. 10.) On October 19, 2018, the assigned District Judge issued an order adopting the findings and recommendations and ordering Plaintiff to pay the $400.00 filing fee in full within twenty-one (21) days. (ECF No. 13). In that order, Plaintiff was warned that if he failed to pay the filing fee within the specified time, the action would be dismissed. (Id.)

1

On November 5, 2018, Plaintiff moved for reconsideration of the District Judge's October 19, 2018 order adopting the findings and recommendations. (ECF No. 14.) On March 20, 2019, the District Judge denied the motion for reconsideration and extended the deadline for Plaintiff to pay the filing fee by another twenty-one days. (Id.) The relevant time period for Plaintiff to respond to the Court's order has expired, and Plaintiff has not yet paid the filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

A civil action may not proceed absent the submission of either the filing fee or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. As Plaintiff's application to proceed *in forma pauperis* has been denied, he has failed to pay the filing fee, and has not otherwise responded to the Court's order, the Court is left with no alternative but to dismiss this action. This action has been pending since August 2018 and can proceed no further without

Plaintiff's cooperation and compliance with the Court's order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's order of March 20, 2019, (ECF No. 16), and failure to pay the filing fee.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 23, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE